Filed: 6/17/2022 1:52 PM
Lynne Finley
District Clerk
Collin County, Texas
By Paula Bishop Deputy
Envelope ID: 65026044

NO. _____  471-02716-2022

| | | |
|---|---|---|
| **ANTONIA RODRIGUEZ AND,** § | | **IN THE DISTRICT COURT OF** |
| **DANNY RODRIGUEZ** § | | |
| *Plaintiffs*, § | | |
| § | | |
| **v.** § | | **COLLIN COUNTY, TEXAS** |
| § | | |
| **LEHMAN XS TRUST MORTGAGE** § | | |
| **PASS-THROUGH CERTIFICATES,** § | | |
| **SERIES 2006-19, U.S. BANK NATIONAL** § | | |
| **ASSOCIATION, AS TRUSTEE,** § | | |
| **SUCCESSOR IN INTEREST TO** § | | |
| **WILMINGTON TRUST COMPANY, AS** § | | |
| **TRUSTEE, SUCCESSOR IN INTEREST** § | | |
| **TO BANK OF AMERICA NATIONAL** § | | |
| **ASSOCATION, AS TRUSTEE,** § | | |
| **SUCCESSOR BY MERGER TO LASALLE** § | | |
| **BANK NATIONAL ASSOCATION,** § | | |
| **AS TRUSTEE AND NATIONSTAR** § | | |
| **MORTGAGE LLC /D/B/A MR. COOPER** § | | |
| *Defendants*. § | | **\_\_\_\_\_ JUDICIAL DISTRICT** |

## ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Antonia Rodriguez and Danny Rodriguez ("Plaintiffs"), filing this Original Petition (the "Petition") complaining of Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-19, U.S. Bank National Association, as Trustee, Successor in Interest to Wilmington Trust Company, as Trustee, Successor In Interest to Bank of America National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee ("Lehman XS") and Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") (collectively referred to as "Defendants") and would show the Court as follows:

1

## SUMMARY

1. Defendants seek to foreclose on Plaintiffs' homestead on June 7, 2022. However, Defendants' violations of Texas Constitution art. XVI, § 50(a)(6), governing Home-Equity loans, render Defendants' lien void *ab initio* and thus Defendants lack the authority to foreclose.

## DISCOVERY

2. Discovery should be conducted under Discovery Control Plan-Level 2, pursuant to TEX. R. CIV. P. 190.3.

## PARTIES

3. Plaintiffs are natural persons domiciled at 2904 White Oak Drive, Plano, Texas 75074.

4. Defendant Lehman XS was at all relevant times doing business in the state of Texas. Lehman XS is a foreign corporation with its principal place of business outside of Texas and may be served according to laws of the State of Texas, by serving the Secretary of State of Texas, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. Service is hereby requested.

5. Defendant Nationstar was at all relevant times doing business in the state of Texas. Nationstar is a domestic limited liability company with its principal place of business within Texas and may be served via certified mail, return receipt requested, through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.Service is hereby requested.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over Defendants because Defendants do business in the State of Texas, including originating, servicing and/or owning loans, which necessarily involves contracting with Texas residents by mail or otherwise when at least one of the parties is to perform the contract in Texas. Further, Defendants' conduct giving rise to the causes of action as set forth herein occurred in whole or in part in Texas.

7. The damages sought in this action are within the jurisdictional limits of the court.

8. Venue is proper in Collin County, Texas as the suit involves real property located in Collin County, Texas.

## FACTS

9. Plaintiffs own the homestead commonly referred to as 2904 White Oak Drive, Plano, Texas 75074 (the "Home" or the "Property").

10. On or about September 25, 2006, Plaintiffs executed a home equity loan and accompanying security instrument ("Deed of Trust") in favor of Meridias Capital, Inc. ("Meridias" or "Original Lender"). *See Exhibit 1*.

11. Upon information and belief, Lehman XS is the current lender and Nationstar is the current servicer.

12. Defendants have scheduled Plaintiffs' home to be sold at the June 7, 2022 foreclosure sale.

13. Due to the following violations of the Texas Constitution, Defendants' lien is void and unenforceable and thus Defendants lack the authority to foreclose.

Texas Constitutional Violations

14. The Mortgage Loan was originated in violation of the Texas Constitution, Article XVI, Section 50(a)(6) in the following fashion:

   a) Plaintiffs did not get a copy of all finalized and signed loan documents at closing. TEX. CONST. art XVI, § 50(a)(6)(Q)(v).

   b) The loan must not have closed before 12 days after the borrower received notice that the loan was governed by Texas Constitution article XVI, § 50(a)(6). TEX. CONST. art. XVI, § 50(a)(6)(M)(i). Plaintiffs never received timely notice that the loan was governed by the Texas Constitution article XVI, § 50(a)(6) as required by TEX. CONST. art. XVI, § 50(a)(7)(g).

   c) The Lender did not sign the acknowledgement of Fair Market Value. Tex. Const. art. XVI, § 50(a)(6)(Q)(ix). *See Exhibit 2*.

## CAUSES OF ACTION

Quiet Title

15. A suit to quiet title is equitable in nature, and the principal issue in such suits is "the existence of a cloud on the title that equity will remove". *Florey v. Estate of McConnell*, 212 S.W.3d 439, 448 (Tex. App.—Austin 2006, pet. denied) (*quoting Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.)). A "cloud" on legal title includes any deed, contract, judgment lien or other instrument, not void on its face, that purports to convey an interest in or makes any charge upon the land of the true owner, the invalidity of which would require proof. *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). The quiet title remedy is available to even the "holder

of the feeblest equity" in real or personal property. *Thomson v. Locke*, 1 S.W. 112 (Tex. 1886).

16. Plaintiffs are the undisputed owner of the property by virtue of Plaintiffs' recorded deed. *See MERS v Groves*, 2011 Tex. App. LEXIS 2696 (Tex. App.—Houston [14th Dist.] 2011).

17. Defendants have clouded the Plaintiffs' title by claiming that Defendants have a lien for security purposes on the Plaintiffs' property and that Defendants have the power to foreclose on said property. *See id.* (stating that this is sufficient to establish a justiciable controversy).

18. The Security Instrument upon which Defendants asserted an interest, although facially valid, is in fact *invalid* and of no force or effect because Defendants' uncured constitutional violations have rendered Defendants' underlying lien void *ab initio*. Thus, Defendants' claim interferes with the Plaintiffs' title. *See Cadle Co. v. Ortiz*, 227 S.W.3d 831, 837-38 (Tex. App.—Corpus Christi 2007, pet. denied) (undisputed property owner's suit to invalidate promissory note and lien securing note was a quiet title suit).

Declaratory Judgment

19. The Texas Constitution provides borrowers with protections where a borrower has entered into a loan agreement that contains provisions, requirements, or other defects that are contrary to the Texas Constitution. These protections are found under Article XVI, §§ 50(a)(6). Accordingly, the noncompliant mortgage lien is void *ab initio.*

20. Therefore, Plaintiffs are entitled to the deed of trust being declared invalid.

21. Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiffs respectfully request that this Court issue a declaratory judgment specifying their and Defendant's rights and duties in connection with the loan.

22. This Court is vested with the power to declare and adjudicate the rights and other legal relationships of the parties to this action.

23. For all the reasons stated in this pleading, Plaintiffs seek a declaratory judgment pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code, and requests that this Court issue a declaratory judgment that: declares that the mortgage lien is noncompliant with the Texas Constitution and thereby void; and declares that title be quieted in Plaintiffs' name.

Permanent Injunction

24. Plaintiffs seek a permanent injunction requiring Defendants, or any person or entity acting in concert with it, including but not limited to its attorneys, agents, servants, servicers, trustees, employees, successors, heirs and assigns, to desist and refrain from:

    a. entering and taking possession of the Property or otherwise interfering with Plaintiffs' right to the quiet enjoyment and use of the Property;

    b. proceeding with or attempting to sell or foreclose upon the Property; and

    c. attempting to purchase, transfer, assign or collect on the Mortgage.

    d. charging Plaintiffs' account for attorney's fees in connection with this action.

## ATTORNEY'S FEES

25. Plaintiffs have been obliged to employ counsel to represent Plaintiffs' interests in connection with Defendants conduct. In that regard, Plaintiffs employed the undersigned attorney and Plaintiffs are obligated to pay such attorney's reasonable fees for the services necessarily rendered on their behalf. The Texas Declaratory Judgment Act permits recovery of attorney fees. TEX. CIV. PRAC. & REM. CODE 37.009.

## STATEMENT PURSUANT TO TRCP 47

26. In addition to the short statement above (*i.e.,* the summary) and a demand for judgment for all the other relief to which Plaintiffs deem themselves entitled (below), damages sought are within the jurisdictional limits of the court. Monetary relief sought is less than $250,000. Plaintiffs also seek non-monetary relief.

### DEMAND FOR JURY TRIAL

27. Plaintiffs hereby demand a jury trial and will tender the requisite fee as required prior to trial.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer, and the following order be entered:

   a. declares that Defendants do not have the power of sale pursuant to the Deed of Trust;

   b. declares that any claim by Defendants in connection with their alleged Deed of Trust is invalid, and ordering it removed from the title to the property made the subject of this litigation, and quieting title in the plaintiffs.

   c. A permanent injunction enjoining Defendants from: (1) entering, taking possession of the Property or otherwise interfering with Plaintiffs' right to the quiet enjoyment and use of the Property; (2) proceeding with or attempting to sell or foreclose upon the Property; (3) attempting to purchase, transfer, assign or collect on the Mortgage; and (4) charging Plaintiffs' account for attorney's fees in connection with this action.

   d. Reasonable and necessary attorneys' fees;

   e. Prejudgment and post-judgment interest;

   f. Costs of suit to be taxed against Defendants;

      g. All the other relief to which Plaintiffs deem themselves entitled.

Respectfully submitted this 1 day of June 2022.

                              Respectfully submitted,

                              **THE LANE LAW FIRM**

                              By*: /s/ Robert C. Lane*
                              Robert "Chip" C. Lane
                              State Bar No. 24046263
                              notifications@lanelaw.com
                              Joshua D. Gordon
                              State Bar No 24091592
                              Joshua.gordon@lanelaw.com
                              Christopher C. West
                              State Bar No. 24102639
                              Chris.west@lanelaw.com
                              6200 Savoy, Suite 1150
                              Houston, Texas 77036-3300
                              (713) 595-8200 Telephone
                              (713) 595-8201 Facsimile
                              **ATTORNEYS FOR PLAINTIFF**

**EXHIBITS**
Exhibit 1 – Deed of Trust
Exhibit 2 – Acknowledgment of Fair Market Value