**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ANTONIA RODRIGUEZ and DANNY RODRIGUEZ, | § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:22-cv-506-ALM |
| LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-19, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WILMINGTON TRUST COMPANY, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, and NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, | § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

**DEFENDANTS' OBJECTION TO
MAGISTRATE'S REPORT AND RECOMMENDATION**

Defendants Lehman XS Trust Mortgage Pass-Through Certificates Series 2006-19, U.S. Bank National Association, as Trustee, Successor in Interest to Wilmington Trust Company, as Trustee, Successor in Interest to Bank of America National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee ("U.S. Bank") and Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Mr. Cooper") (collectively "Defendants") file this Objection to the portion of the Magistrate's Report and Recommendation [Doc. 49] recommending dismissal with

prejudice of Defendants' counterclaims with prejudice based upon res judicata. In support thereof, Defendants would respectfully show unto the Court as follows:

## I. SUMMARY

1. On March 14, 2024, the United States Magistrate issued her Report and Recommendation, recommending dismissal with prejudice of all of Defendants' counterclaims. *See* Doc. 49 at P. 13. The Magistrate reasoned that for the same reasons that Plaintiffs' claims are barred by res judicata, so too are Defendants' counterclaims for breach of contract for non-judicial foreclosure, judicial foreclosure and equitable subrogation. *Id.* However, this conclusion is opposite of Texas law for the reasons stated below:

    a.    Defendants' prior home equity foreclosure order was entered at the end of an expedited Tex. R. Civ. P. 736 proceeding. An order granting or denying a home equity foreclosure order initiated under Rule 736 has no preclusive effect and does not operate as a bar to further home equity order or to a judicial proceeding for foreclosure. *See* Tex. R. Civ. P. 736.9.; *also see Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 383 (5th Cir. 2017) (quoting Tex. R. Civ. P. 736.9);

    b.    Even if the expedited Rule 736 foreclosure order precludes Defendants seeking new judgment for foreclosure (it does not), Plaintiffs' filing of this lawsuit operated to vacate that prior home equity foreclosure order. *See* Tex. R. Civ. P. 736.11; *also see Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 914 (Tex. 2015);

    c.    Finally, to the extent the Court looks solely to the prior litigation and holds that the foreclosure claim was compulsory in that matter, a foreclosure

cause of action is not a compulsory counterclaim. *Kaspar v. Keller*, 466 S.W.2d 326, 327-29 (Tex. Civ. App.—Waco 1971).

## II.
## ARGUMENT AND AUTHORITIES

2. While Defendants agree with the majority of the Magistrate's findings, Defendants respectfully disagree that res judicata bars Defendants' foreclosure-based counterclaims. *See* Doc. 49 at P. 12-13. Central to ~~the analysis of the claims is~~ the Magistrate's reasoning is that having brought this claim previously and obtained a home equity foreclosure order, Defendants are free to move forward with foreclosure under its prior order. *See* Doc. 49 at P. 13. However, as the prior order was an expedited order under Rule 736, the order does not bar Defendants' claims, nor are foreclosure claims compulsory counterclaims.

3. In recommending dismissal of all of Defendants' counterclaims, the Court reasoned that as the counterclaims were based upon the same nucleolus of operative facts as Plaintiffs' prior state court lawsuit, Defendants could have brought their breach of contract claims in the state court suit. *See* Doc. 49 at P. 12. Continuing, the Court reasoned that as the issues before the court were previously decided (and affirmed) by a court of competent jurisdiction, the state court's lawsuit operatives with preclusive effect on this suit and the claims herein. *Id.* The Court went on to find that, "the state court's decision should stand, and Defendants should be permitted to proceed with foreclosure pursuant to the state court's foreclosure order." *See* Doc. 49 at P. 13.

4. However, there is a distinction overlooked by the Court in its analysis, that being that the Plaintiffs' prior state court lawsuit and the suit wherein the home equity foreclosure order was obtained were not one in the same. A foreclosure order from an expedited 736 proceeding has no preclusive effect and is in fact vacated by the filing of a separate independent lawsuit after its entry. Tex. R. Civ. P. 736.9 and 736.11. The relevant history and background are as follows:

    a. On March 27, 2015, U.S. Bank obtained its first Home Equity Foreclosure Order in an expedited Rule 736 proceedings in Cause No. 429-00150-2015;

    b. In order to stop the foreclosure under that Home Equity Foreclosure Order, Plaintiffs filed suit against Defendants on June 1, 2015 in Cause No. 429-02140-2015. Plaintiffs' claims in that suit were dismissed with prejudice and the dismissal was affirmed by the Court of Appeals for the Fifth District of Texas at Dallas, *Rodriguez v. Nationstar Mort., LLC*, No. 05-16-01399-CV, 2018 WL 2926808 (Tex. App.–Dallas, June 7, 2018, no. pet.). *See* Defendants' Motion for Summary Judgment at Exhibit B, Doc. 25-3;

    c. As the prior foreclosure order was vacated by Rule 736.11, U.S. Bank then filed and obtained another Home Equity Foreclosure Order on January 6, 2020 in expedited Rule 736 proceedings in Cause No. 429-05975-2019; *See* Defendants' Motion for Summary Judgment at Exhibit C, Doc. 25-3.

**A.    Rule 736 Home Equity Foreclosure Order Has No Preclusive Effect.**

    5.    First, the Court's analysis is incorrect in finding that the Home Equity Foreclosure Order bars its counterclaims, because a foreclosure order is a Rule 736 proceeding that has no preclusive effect. *See* Doc. 49 at P. 13-14. Tex. R. Civ. P. 736.9. The prior expedited proceedings for foreclosure were clearly brought by U.S. Bank under Texas Rule of Civil Procedure 736. An order obtained in a Rule 736 proceeding is not a judgment, and the grant or denial of the application is not subject to a motion for rehearing, a motion for new trial, a bill of review, or an appeal. Tex. R. Civ. P. 736.8(c). An order granting or denying a home equity foreclosure order initiated under Rule 736 has no preclusive effect and does not operate as a bar to further home equity order or to

a judicial proceeding for foreclosure. *See* Tex. R. Civ. P. 736.9.; *also see Burciaga*, 871 F.3d at 383 (quoting Tex. R. Civ. P. 736.9).

6. Texas Rule 736.9 states, "An order is without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding." The foreclosure order obtained by U.S. Bank does not preclude it seeking a new order or judgment and therefore Defendants' counterclaims are not barred by res judicata.

**B.     Plaintiffs' Filing Suit Stayed and Vacated Prior Home Equity Foreclosure Order.**

7. Further, U.S. Bank is, in reality, precluded from proceeding with foreclosure under the prior home equity foreclosure order from 2020 because Plaintiffs filed this suit. Rule 736 specifies that if a party files an independent suit challenging a Rule 736 foreclosure order before 5:00 p.m. on the Monday before the scheduled foreclosure sale, the Rule 736 proceeding or order is automatically stayed. *Id.* at 736.11(a). Once the Rule 736 court is notified that an independent suit has been filed challenging the Foreclosure Order, the court is required to dismiss the Rule 736 proceeding or vacate the foreclosure order. *Id.* at 736.11(c).

8. The filing of this suit by Plaintiffs stayed the enforcement of that prior Home Equity Foreclosure Order. Because the Plaintiffs' loan is a Texas Home Equity Loan, U.S. Bank is required to obtain a Court order to foreclose. Texas Constitution Art. XVI § 50(a)(6)(D), Tex. R. Civ. P. 735.1(a). However, Defendants are not limited to Rule 736 in order to obtain that foreclosure order. As stated by the Texas Rules, "A Rule 736 order is not a substitute for a judgment for judicial foreclosure, but any loan agreement, contract, or lien that may be foreclosed using Rule 736 procedures may also be foreclosed by judgment in an action for judicial foreclosure." Tex. R. Civ. P. 735.3. Therefore, Defendants had the option to elect to file yet another Rule 736 expedited proceeding after resolution of this suit – which could have been once again

vacated by the filing of a separate independent suit to contest that expedited foreclosure order, however frivolous. Not wanting to risk Plaintiffs utilizing the tools provided by Rule 736.11, Defendants chose to proceed with counterclaims in this proceeding. Res judicata does not bar Defendants from its election to file suit for breach of contract allowing non-judicial foreclosure or for judicial foreclosure. *Burciaga* at 383.

9. The Plaintiffs' filing of this suit automatically stayed Defendants' ability to proceed with execution of that Home Equity Foreclosure order. Tex. R. Civ. P. 736.11. Texas Rule of Civil Procedure 736.11(a), provides that a foreclosure proceeding is "automatically stayed if a [payor under the loan] files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed ...". *Murphy*, 458 S.W.3d at 914; *also see Morse v. Ditech Financial,* 2017 WL 7051072 (E.D. Tex. Aug. 10, 2017); *McBee v. Wells Fargo Bank, N.A.*, 2021 WL 8082643 (W.D. Tex., Aug. 2, 2021); *Deutsche Bank Nat'l Trust Co. v. Castrellon,* 852 Fed.Appx. 841, 843 (5th Cir. 2021)(stating, "This litigation course effectively blocked the Bank from exercising foreclosure for the duration of that dispute. *See* Tex. R. Civ. P. 736.11(d) ("If the automatic stay under this rule is in effect, any foreclosure sale of the property is void.")).

10. It is clear that U.S. Bank or any Defendant, could not and cannot proceed with the prior Home Equity Foreclosure Order from the Rule 736 expedited foreclosure proceedings. Tex. R. Civ. P. 736.11; *Murphy* at 914. As that Order is not enforceable, and has no preclusive effect, Defendants are not barred by res judicata for seeking their foreclosure counterclaims.

C.  **Foreclosure Claims are Not Compulsory Counterclaims.**

11. In recommending dismissal with prejudice of the counterclaims, the Court reasoned that given the application of res judicata to Plaintiffs' claims, the same would thus apply to

Defendants' foreclosure counterclaim. See Doc. 49 at P. 13. Holding that they are barred by res judicata. However, this is squarely contrary to Texas law as a Rule 736 order has no preclusive effect, the prior order is now stayed and because foreclosure claims are not compulsory counterclaims. *See U.S. Bank Nat'l Assoc. v. Lamell*, No. 19-cv-2402, 2021 WL 954848 * 12, n. 5 (S.D. Tex. Jan. 18, 2021) citing *Casterline v. OneWest Bank, FSB*, Number 13-17-00118-CV, 2018 WL 1755821, at *5 (Tex. App.—Corpus Christi-Edinburg, Apr. 12, 2018) (discussing *Kaspar*, 466 S.W.2d at 327-29); *see also Steptoe v. JPMorgan Chase Bank, N.A.,* 464 S.W.3d 429 (Tex. App.–Houston [1st Dist.] 2015). Defendants were not required to bring foreclosure claims as a counterclaim in Plaintiffs first lawsuit and therefore, Defendants' counterclaims in this suit are not barred by res judicata.

12. While typically, a party is required to bring a compulsory counterclaim within an initial lawsuit or risk having the claim barred in the future, the *Kaspar rule* (a Texas law doctrine) is an exception to the compulsory counterclaim rule that applies to secured transactions. *See, Kaspar*, 466 S.W.2d at 329. The Fifth Circuit has found that the *Kaspar* rule does in fact create an exception to compulsory counterclaims in secured transactions. *Douglass v. NCNB Tex. Nat'l Bank,* 979 F.2d 1128, 1130 (5th Cir. 1992) (citing *Kaspar,* 466 S.W.2d at 329).

13. When the security instrument in a home-equity loan contains a power of sale provision, the lender has a choice of remedies – meaning that a lender can seek either expedited order of foreclosure through Rule 736 proceeding, or alternatively seek the remedy of judicial foreclosure. *See, Steptoe,* 464 S.W.3d at 429; *Huston v. U.S. Bank Nat'l Ass'n,* 988 F.Supp.2d 732, 740 (S.D. Tex. 2013) (mortgagee was not required to assert a counterclaim in prior suit in order to preserve its foreclosure rights); *Douglass,* 979 F.2d at 1130; *see also Soin v. JPMorgan Chase*

*Bank, N.A.,* No. H–14–1861, 2014 WL 4386003, at *3 (S.D. Tex. Sept. 14, 2104) (mortgagee was not required to seek enforcement of the Security Agreement as a compulsory counterclaim").

14. Applying the Kaspar rule herein, Defendants were not required to file counterclaims for foreclosure in the prior lawsuit and its counterclaims herein are not barred by res judicata as there were not in fact compulsory in the first lawsuit.

## CONCLUSION

Pursuant to the reasons set out herein, Defendants Lehman XS Trust Mortgage Pass-Through Certificates Series 2006-19, U.S. Bank National Association, as Trustee, Successor in Interest to Wilmington Trust Company, as Trustee, Successor in Interest to Bank of America National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee and Nationstar Mortgage, LLC d/b/a Mr. Cooper, respectfully request that the Court reconsider its ruling as to Defendants' counterclaims and grant summary judgment for Defendants, along with any and all additional relief, whether at law or in equity, to which they may be justly entitled.

Respectfully submitted,

By: /s/ *Shelley L. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497
HOPKINS LAW, PLLC
2802 Flintrock Trace, Suite B103
Austin, Texas 78738
(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

4004 Belt Line Road, Ste. 100<br>
Addison, Texas 75001<br>
(972) 386-5040<br>
RobertFO@bdfgroup.com<br>
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA EMAIL AND VIA REGULAR MAIL:***
Danny Rodriguez
Antonia Rodriguez
2904 White Oak
Plano, Texas 75074
rod2748@yahoo.com
**PRO SE PLAINTIFFS**

/s/ *Shelley L. Hopkins*
Shelley L. Hopkins